# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FIDEL CARRIZOZA,<br><br>　　　　　Defendant. | CASE NO. 1:05-CR-000148-(1)-LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br><br>(Doc. 242) |

Before the Court is Defendant Fidel Carrizoza's *pro se* motion to reduce his sentence (Doc. 242), under U.S.S.G. § 1B1.10(b)(1) and Amendment 782 ("the Amendment") to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Federal Defender's Office declined to supplement the motion. *See* Doc. 243. The Government has opposed the instant motion on the basis that the Defendant is not eligible for a reduction under § 1B1.10. *See* Doc. 245. Upon a thorough review of the parties' briefing, the record in the case including the Probation Office's Presentence Report[2] ("PSR"), and the relevant law, the Court will deny the motion.

I.　**BACKGROUND**

　　Following an indictment with four counts related to possessing and conspiring to distribute methamphetamine and possessing a firearm in furtherance of a drug-trafficking crime, Defendant

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.
[2] The United States Probation Office's practice at the time Defendant was sentenced was typically not to file PSRs, thus for the purposes of the instant motion, the Court obtained the PSR from the United States Probation Office.

Carrizoza pleaded guilty to a superseding information charging him with four counts of using a communications facility to facilitate a drug-trafficking crime, 21 U.S.C. 843(b). *See* Docs. 137, 139. According to the PSR, the amount of drugs attributed to Defendant is approximately 4 pounds of methamphetamine. *See* PSR ¶¶ 16, 21.

Accepting the PSR, the Court found pursuant to §2D1.1(a)(5)(iii) that the Defendant's base offense level was 38 (based on the amount of methamphetamine involved in the case), PSR ¶¶ 20-1, and his criminal history was category I (based on 0 criminal history points). *Id.* at ¶¶ 30, 31. Pursuant to §§ 3B1.1(a), due to Defendant's organizational role in the offense, the Court increased the base offense level by four, PSR ¶ 23, but for his acceptance of responsibility, pursuant to §§ 3E1.1(a) and (b), Defendant qualified for a base offense reduction by 3 levels, for an adjusted total offense level of 39. PSR ¶ 14. The Guidelines range for a defendant with an offense level of 39 and a criminal history category I was 262-327 months imprisonment. U.S.S.G. Ch. 5, Pt. A. The statutorily authorized maximum sentence for the relevant crimes was 192 months. U.S.S.G. § 5G1.1(a). Applying the statutorily authorized maximum 48 months under § 5G1.1(a) for each of four counts of 21 U.S.C. § 843(b), the Court calculated Defendant's sentence as 48 months for each of the four counts, and exercised a downward departure for a total of 168 months. *See* Docs. 193, 197. On August 16, 2006, the Court imposed a sentence of 168 months imprisonment, 12 months supervised release, and a $400 special assessment. *See id*.

## II.   LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make

the Amendment retroactively applicable to previously sentenced defendants. *See* U.S.S.G., sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

## III.    DISCUSSION

Defendant Carrizoza requests a reduction in his sentence under Amendment 782, enumerated in U.S.S.G. § 1B1.10(d), arguing that he is entitled to a reduction in his 168-month sentence because "it is clear that the defendant meets all the requirements to obtain the sentence reduction, besides, under the factors set forth in 3553 (a), the defendant was not one of a violent nature, plus in all this time of incarceration, defendant has never been in any kind of trouble [sic]." Doc. 242 at 4.

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* U.S.S.G. § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

//

The initial inquiry of whether Defendant Carrizoza is eligible for sentence reduction is informed by the Sentencing Commission's constraints on the Court's authority to modify a sentence. *Dillon*, 560 U.S. at 825-26. Section 3582 permits a sentence reduction only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to §1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B).

Although the adjusted drug quantity table reduces Defendant's base offense level by two levels, Defendant misapprehends the effect this has on his sentence. Amendment 782; § 1B1.10. The Commission's amendment was to § 2D1, but when evaluating a § 3582(c)(2) motion, a district court "shall substitute" the amended Guidelines range for the initial range, however, the reviewing court "shall leave all other guideline application decisions unaffected." *Dillon*, 560 U.S. at 831 (citing § 1B1.10(b)(1)). Here, according to the PSR, the original sentencing guideline range was 262 to 327 months (total offense level of 39 and criminal history category I). The Court did not use that guideline range, however, because where the bottom of the guideline range (262 months) exceeds the statutorily authorized maximum sentence for the offense of conviction (192 months), the statutory maximum controls. *See* § 5G1.1(a); PSR ¶ 50. The practical effect of the two-level reduction yields the same result. The amended guideline range is 210 to 262 months (based on a base offense level of 37 with an unchanged criminal history category of I). The low end of the range – 210 months – is still higher than 192 months, the statutory maximum sentence authorized under § 5G1.1(a). Because § 5G1.1(a) served as the basis for the original sentence, Amendment 782 has not reduced the guideline range applicable in Defendant's case. *See* Amendment 782; § 1B1.10; § 2D1.1; *Dillon*, 560 U.S. at 831; *United States v. Paulk*, 569 F.3d 1094, 1096 (9th Cir. 2009).

Because the application of the Amendment does not have the effect of lowering Defendant's applicable guideline range, the Court does not have the authority to modify the Defendant's sentence and § 1B1.10 (a)(2)(B) militates finding that no such reduction may occur. *Dillon*, 560 U.S. at 825-26*; see also United States v. Leniear,* 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing

range was unchanged due to the operation of the grouping rules). Therefore, the answer at step one is that Defendant does not qualify for a sentence reduction. As the answer at step one is that the movant is not eligible for a sentence reduction, the Court does not proceed to step two. *See* U.S.S.G. § 1B1.10; *Dunn*, 728 F.3d at 1155.

The Court commends Defendant Carrizoza on his efforts and commitment to rehabilitation. The Court's denial of his request is in no way a reflection of Defendant's character, but rather a matter of law.

## IV. CONCLUSION AND ORDER

The Court concludes that Defendant Carrizoza has no basis for seeking a reduction, thus his motion is denied. *See* § 1B1.10 (a)(2)(B); *see also United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curium) (finding a defendant ineligible for sentence reduction and denying § 3582 motion where sentencing range was unaffected by Amendment 782). Accordingly,

**IT IS HEREBY ORDERED** that Defendant Fidel Carrizoza's motion to reduce his sentence (Doc. 242) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendant and **CLOSE THE CASE**.
IT IS SO ORDERED.

Dated: **January 19, 2016**     /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE